**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE: EDUCATIONAL ASSIGNMENT OF )
JOSEPH R., a student in the       )Civil Action No. 04-26
Mars Area School District,        )
                                  )
            Plaintiff,            )
                                  )Judge Terrence F. McVerry/
        v.                        )Magistrate Judge Sensenich
                                  )
J.R. and K.R., parents and next   )
friend of J.R.,                   )Re: Doc. #25
            Defendants.           )
                                  )

**MEMORANDUM ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS**

On January 24, 2005, Plaintiff Mars Area School District ("Mars") filed a Motion for Sanctions against Defendants James A. Rickard and Karrie A. Rickard ("Rickards"), alleging that they had failed to cooperate in discovery. (Doc. #25.)[1] The Rickards are plaintiffs in another case pending in this Court in which Mars is the Defendant, Civil Action 03-972 which also involves the education of their minor child, J.R., under the Individuals with Disabilities Act ("IDEA"). (Doc. #25.)

Pursuant to an Order dated November 18, 2004, Karrie Rickard was to provide deposition testimony on December 9, 2004. (Civil Action 03-972, Doc. #30.) On December 9, 2004, Mars

---

[1] The Motion for Sanctions references both cases, however all documents were filed at 04-26, and the internal citations contained in this Memorandum Order refer to that docket number, unless otherwise noted.

1

contends that Ms. Rickard refused to answer questions and Mr. Lincoln, counsel for the Rickards, acted in a manner designed to circumvent and inhibit Mars from taking the deposition. (See Doc. #25 ¶¶ 4-5.) Counsel for both parties sought instruction from this Court and the deposition continued, however Mr. Lincoln allegedly "repeatedly interrupted and interfered with the deposition" resulting in the deposition's termination. (See Doc. #25 ¶8.)

The Rickards responded by denying the substance of Mars' Motion. They also allege that Counsel for Mars acted in a manner to "impugn counsel's character, good name and reputation, and otherwise attempted to prevent counsel from representing Ms. Rickard in a highly professional manner... ." (Doc. 31 at ¶5.) The Rickards also noted that Ms. Rickard had traveled from another state for the deposition, that Mars unilaterally terminated the deposition without seeking further guidance from the Court, and argued that the questioning by Mars was immaterial, improper and invasive. (Id. at ¶¶ 5-6.)  The Rickards also objected to the questioning of Ms. Rickard on the grounds of relevance, failure to comply with the IDEA, and as involving improper matters or legal matters. (Id. at ¶6.)

On June 1, 2005, an Order was entered requiring the parties to submit briefs on the Motion for Sanctions because neither party had filed a brief or memorandum of law addressing

the issues presented in the Motion, and because one objection was moot. (Doc. # 34.) On April 22, 2005, the Court filed a Memorandum Order, (Doc. #32) which vacated an Order entered on February 22, 2005 (Doc. #29) that had granted The Rickards' Motion to Limit Evidence. (Doc. #19.)  The Memorandum Order dated April 22, 2005 denied the Rickards' Amended Motion to Preclude Plaintiff from Submitting Additional Evidence During Trial, under the authority of *Susan N. V. Wilson School District*, 70 F.3d 751 (3d Cir. 1995). (Doc. #32.)  Therefore, the portion of the Rickards' Response to the Motion for Sanctions that was based upon the order limiting evidence is moot.

In response to the June 1, 2005 order, a brief in support of the Motion for Sanctions was filed by the School District on June 21, 2005. (Doc. #36.)  The brief cites Rule 30(d)(3) of the Federal Rules of Civil Procedure which allows the imposition of sanctions based upon conduct which frustrates the fair examination of a deponent.  See Fed.R.Civ.P 30(d)(3). Further, it was noted that because of the conduct of Mr. Lincoln, the deposition had to be rescheduled and held at the courthouse in June of 2005, six months after the original deposition was terminated.

On June 22, 2005, a brief in support of the Rickards' Response to the Motion for Sanctions was filed, advancing five arguments to support the denial of the motion. (Doc. #37.) First,

the Rickards cite the failure of Mars to comply with Federal Rule of Civil Procedure, Rule 37(a)(2) which requires a certification by the party bringing the motion that it made a good faith effort to secure the discovery without court action. See FED.R.CIV.P. 37(a)(2). Second, the Rickards argue that they did not fail to comply with an order of court under Rule 37(b) of the Federal Rules of Civil Procedure during the December 9,2004 deposition, noting that Rule 37(b) allows sanctions for failure to comply with court directive. See FED.R.CIV.P. 37(b)(2).[2]  Next, the Rickards suggest that Mars is not entitled to sanctions under any of the captioned cases because the deposition was taken at 04-26, not 03-972.[3]  Further, the Rickards argue that Mars violated the Court's order which was entered during the deposition on December 9, 2004 by filing a Motion to Compel the Deposition of Ms. Rickard on April 27, 2005, although the Court had stated that it would pick a date for continuance of the deposition.[4] Finally, the Rickards also argue that the objections they raised during the deposition were substantially justified.[5]

---

[2] Plaintiff does not seek sanctions under Rule 37(b) for failure to comply with court directive.

[3] Both cases address the same facts and therefore this objection is not meritorious.

[4] When the court failed to select a date for the continuation of the deposition, Mars properly selected a date.

[5] Counsel lists eight objections in its Response, but only lists five in its brief. (See Doc. # 31, compare Doc. # 37.)
(continued...)

The Rickards also filed a Reply to Mars' Response to their Motion for Sanctions. (Doc. # 38.) The Reply noted that Mars failed to address any of Rickards' legal arguments and failed to provide a factual basis for granting the motion.

Mars was ordered to provide an itemized statement of expenses and fees associated with its Motion for Sanctions, and the Rickards were given an opportunity to respond to the statement within ten days of its filing. (See Doc. # 41.) The exhibit containing the expense statement was filed, and the Rickards filed a response which raised additional objections to the form and content of the exhibit.  (Docs. #43, #48.)

The Rickards raise several arguments in their Response to the Motion for Sanctions that warrant discussion. First, the Court agrees that Mars should have supported its Motion with references to specific pages of the deposition testimony and should have identified the specific conduct of Mr. Lincoln which it claimed warranted sanctions. However, Mars submitted the full

---

[5](...continued)
In evaluating all eight objections, four contained the same argument, failure to comply with the IDEA, and thus are consolidated for clarity, and the final objection (8) labeled calling counsel for the Rickards an obstructionist will not be evaluated. The four categories of objections are: the order permitting Mars to submit additional evidence was improper under the IDEA (1)(2)(3) and (7), right to privacy (4), improper legal questions (5), and confidentiality (6). (Doc. #37.)

deposition transcript and the Court has read it.[6] Mars' Motion for Sanctions is supported by the transcript. This technical defect does not defeat the substance of the motion.

Second, as the Rickards aptly note, Mars did not attach the certification required by the Federal Rules of Civil Procedure, Rule 37 (a)(2)(B).  However, the Rickards did not cite legal authority identifying the consequences of Mars' failure to attach the certifications. It appears from a cursory review of the applicable law, that there is an absence of authority regarding the consequences of failure to attach a certification to a Motion for Sanctions for misconduct which occurred during a deposition.

The Court believes that the purpose of such certification is to impose a good faith effort on the moving party to attempt to resolve discovery issues without the Court's involvement. The record reveals that after Mr. Barth threatened to discontinue the deposition and file a motion for sanctions, Mr. Lincoln suggested that they call the Court and ask for a settlement conference.

> Mr Breth: ... I think you're being obstructionist, trying to prevent us from asking the questions and receiving answers; and I guess the way we're going to have to get it resolved is we're going to continue this, and we're going to file a motion with the Court for sanctions and asking the Court to compel Mrs. Rickard to answer these questions.

---

[6] Mars' failure to cite specific pages of the deposition testimony and failure to identify Mr. Lincoln's conduct which it claimed to be sanctionable imposed an additional burden on the court.

(Doc. #25, ex. A at 16:7-17.)

Mr. Lincoln then stated:

> Mr. Lincoln: But I would suggest we call
> Magistrate Sensenich and see if we can come in
> sometime during the day [for a settlement
> conference] so Mrs. Rickard can get back to her
> place.

(Id. at 19:23-20:3.)

Mr. Breth responded by stating that he was returning to his office in Butler and would not be attending any settlement conference that afternoon. (Id. at 20:14-23; 21:1-10.) Mr. Lincoln did call the office of the magistrate judge after Mr. Breth threatened to leave, and they both participated in the telephone conference with the Court.

The discovery issue which is the basis for this Motion occurred at a deposition, on the record, and the parties sought the court's intervention twice on the record during the deposition. The deposition record reveals such antagonism between counsel that it is apparent they could not have resolved the issue about where the Rickards lived without help from the Court. Therefore, certification was unnecessary under the facts of this case.

Next, it is recognized that Mr. Lincoln's objections which were based upon a Motion he had filed to limit additional evidence, were made in good faith although they are now moot, that Motion having ultimately been denied. Further, counsel's concerns about confidentiality and avoiding harassing or improper

legal questions about the paternity of J.R. were also well taken.

However, even recognizing the extreme enmity between counsel to these cases, the conduct of Mr. Lincoln is sanctionable. Mr. Lincoln began the deposition by making an ongoing objection to the taking of the deposition due to pending motions, but then stated:

> So that is the basic objection that will be ongoing in the deposition; but for the purposes of the question you just asked [Where do you reside], the notice of your deposition indicates that Ms. Rickard resides at 346 West Arch Street, Mars Pennsylvania 16046; and for the response to the question that you just asked her, I would suggest that that be the residence of Ms. Rickard for the purpose of this deposition.

(Doc. #25, Ex. A at 5:15-6:1.) Later, Mr. Breth asked Ms. Rickard:

> "Q: Mrs. Rickard, are you currently residing at– strike that. Are you currently residing within the Mars Area School District?
> A: I currently own 346 West Arch Street in Mars.
> Q: Are you currently living there?"

(Id. at 9:9-14.) At that point, Mr. Lincoln objected to the question. When Mr. Breth asked Mr. Lincoln if he was instructing his client not to answer the question, Mr. Lincoln responded "Mr. Breth, I think the question has been answered. It's just not the question- - the answer that you want." (Id. at 10:20-22.)

Mr. Breth continued to attempt to ask Ms. Rickard where she resided, a critical relevant fact under the IDEA, and Mr. Lincoln continued to insist falsely, that she resided at 346 West

Arch Street in Mars, Pennsylvania, the address given in her deposition notice.

After this exchange between counsel, Mr. Lincoln, Mr. Berth and Mr. Israel, counsel for Mars, had an argument which went on for fifteen pages regarding Ms. Rickard's address, which among other things ended with a telephone call to the Court.  The Court directed that Ms. Rickard answer any questions asked. (Id. at 30:19-31:1.) Mr. Lincoln was told that he could object for the record. (Id, at 33:3-8.) His objections were to be short and brief. (Id. at 35:8-11.)  The deposition resumed at 11:01 am, about an hour after the question was originally asked, and Ms. Rickard testified as follows:

> By Mr. Breth:
> Q: Mrs. Rickard, where do you currently reside?
> A: Fredrick, Maryland.

(Id. at 39:20-22.)

Therefore, the record reveals that Mr. Lincoln persisted in attempting to place on the record a false current address for the Rickards although, under the IDEA, the residence of the student in the school district is a critical factor for continuing liability.

The exchanges between counsel demonstrate a general lack of civility between counsel. Early in the deposition, Mr. Breth handed Ms. Rickard a document without first showing it to Mr. Lincoln. (Id. at 11:6-12:4.) But Mr. Lincoln's persistent attempt

to place on the record an address for the Rickards, which was not their true address is particularly serious.

Mars submitted a statement of fees it seeks to recover based upon in its Motion for Sanctions. (See Doc. #43.) The fee statement submitted by Mr. Breth was not itemized as the Court ordered. Therefore, any factual determinations will be made in Mr. Lincoln's favor.

Mr. Lincoln filed objections to this statement, raising the same issues he had raised in his Motion for Sanctions. He also argued that Rule 6(d) of the Federal Rules of Civil Procedure requires that Mars support its exhibit seeking attorneys fees by an affidavit. He also argued that without an affidavit the statements within the exhibit were hearsay which could not be considered. (Doc. #48.)  Mars was allowed until September 13, 2005 to respond to these issues, but declined to do so.

The Court ordered Mr. Breth to submit an itemized statement of fees, not an affidavit. (Doc. #41.)  Mr. Breth signed the exhibit. (Doc. #45.)Rule 11 (b)(3) provides that an attorney's signature on a document presented to the court is his certification that the factual contentions have evidentiary support. Mr. Breth signed the exhibit. (Doc. #45.) Therefore, he complied with the order and should not be denied fees because of his failure to file an affidavit. However, the statement of fees

was not itemized as ordered. Mr. Breth's filing the statement with his signature is sufficient to allow consideration of the fee statement by the Court, although the lack of detail will limit the amount of fees to be awarded.[7]

Mr. Lincoln cited Federal Rule of Civil Procedure, Rule 6(d) to support his argument that an affidavit is required, but the Rule does not so provide. The Rule states that "[w]hen a motion is supported by affidavit...". See (Doc. # 48) and FED.R.CIV.P. 6(d). Thus, Rule 6(d) does not mandate when a affidavit is required, but merely mandates how an affidavit supporting a motion shall be served. See Id. Likewise, the cases cited by Mr. Lincoln deal with this rule in the context of motions for summary judgment or relief from default judgment, or the general rule that affidavits can be used to support a motion. He also cited cases which are not remotely related to the use of affidavits. (See Doc. #48 at 2.) Finally, Federal Rule of Civil Procedure, Rule 37(a)(4)(A) does not require that a request that

---

[7] A fee statement has been accepted without an affidavit when the issues to be decided are relatively simple. See Wolk v. Cohen, 1995 WL 314508 (E.D. Pa. May 22, 1995) (unreported).  However, at least one district court has implicitly held that an affidavit is required when evaluating fees. See Lithuanian Commerce Corporation v. Sara Lee Hosiery, et al, 177 F.R.D. 205, 215 (D.N.J. 1997) which stated that "[i]n imposing monetary sanctions of reasonable expenses and attorneys fees under discovery rules, the court must determine reasonableness of expenses and fees by at least requiring affidavits setting forth such costs... .")

attorneys fees be awarded as a sanction be supported by affidavit. See FED.R.CIV.P. 37(a)(4)(A).

Mars' statement of fees does not specifically identify counsel's hourly rate but by dividing the amount billed by the number of hours charged, it can be determined to be One hundred and twenty five dollars ($125) per hour.

On December 8, 2004, Mr. Breth claims five hours for preparation for the deposition of Ms. Rickard. Mr. Lincoln's sanctionable conduct occurred at the deposition, and these fees will not be awarded because they predate any sanctionable activity. For December 9, 2004, a total of ten and a quarter hours are claimed for the deposition of Ms. Rickard. Two and half hours (2.5 hours) of counsel fees will be awarded to Mars for the conduct of Mr. Lincoln which occurred during the deposition from 9 am to 11:01 am, plus one half an hour (.5 hour) for interruptions which occurred at the end of the deposition. (Total 2.5 hours at $125.00 an hour, for a total of $312.50). On December 10, 2004, Mr. Breth spent approximately two hours preparing the Motion for Sanctions. Only one half of the time spent on preparing the Motion for Sanctions will be allowed because Mr. Breth's own conduct contributed to the lack of civility between counsel and the Motion was a relatively simple one.  Further, Mars did not provide the Court with citations to specific pages of the transcript, and did not identify the

specific conduct of Mr. Lincoln which it claimed required the imposition of sanctions. Therefore, it was necessary for the Court to read the entire transcript to decide Mars' Motion for Sanctions. Therefore, Mars should receive counsel fees for one hour (1 hour at $125.00 an hour) for Mr. Breth's work on the Motion for Sanctions on December 10, 2004.

On January 11, 2005, Mr. Breth started to review the deposition transcript re: sanctions and future deposition sessions. Since Mars' Motion for Sanctions was filed on January 24, 2005, it can be assumed that part of that time was devoted to preparation of the Motion. But, because of counsel's failure to itemize how much of that time was spent reviewing the deposition transcript and how much time was devoted to preparing for future depositions, counsel will be allowed only thirty minutes for a total of 62.50 for work on January 11, 2005.

Hours spent on May 26 and June 6, 2005 in preparation for the second deposition will not be allowed. Time spent on the second deposition, which occurred on June 7, 2005, is not appropriately included because Mars will be reimbursed for Mr. Lincoln's sanctionable conduct at the first deposition. However, the additional travel time incurred for this second deposition would not have been necessary if the first deposition had been completed. Therefore, Plaintiff will be allowed three and one

half hours of travel time on June 7, 2005 (3.5 hours at $125.00, for a total of $437.50).

In summary, Mr. Lincoln will be ordered to reimburse Plaintiff for counsel fees of Mr. Breth for seven and one half hours (7 ½ hours) at the rate of one hundred and twenty five dollars ($125.00) an hour, for a total of nine hundred thirty seven dollars and fifty cents ($937.50).

No fees will be allowed for work performed by Mr. Israel's office. The itemized bill reflects attendance and preparation for the deposition on June 7th, 2005, the deposition which was taken after Mr. Lincoln's sanctionable conduct. Mr. Israel's hourly rate was not provided, and Mr, Israel did not offer any documentation regarding these fees. The following order is entered:

AND NOW, this 20th day of September, 2005;

IT IS HEREBY ORDERED that Mars' Motion for Sanctions is granted.

IT IS FURTHER ORDERED that, Mr. Lincoln shall pay Plaintiff nine hundred thirty seven dollars and fifty cents ($937.50) for the fees of counsel incurred as a result of his attempts to induce his client to give false testimony during her deposition on December 9, 2004.

/s/ Ila Jeanne Sensenich
ILA JEANNE SENSENICH
United States Magistrate Judge

14

```
cc:  Eugene A. Lincoln, Esq.
     1707 Allegheny Building
     429 Forbes Avenue
     Pittsburgh, PA 15219

     James F. Israel, Esq.
     ISRAEL, WOOD & PUNTIL
     501 Grant Building
     Pittsburgh, PA 15219

     Thomas E. Breth, Esq.
     DILLON, MCCANDLESS, KING, COULTER & GRAHAM
     128 West Cunningham Street
     Butler, PA 16001
```