IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: EDUCATIONAL ASSIGNMENT OF JOSEPH R., A STUDENT IN THE MARS AREA SCHOOL DISTRICT, Plaintiff, | ) ) ) ) ) | 2:04-cv-26 |
| J.R. AND K.R., parents and next friend of J.R., Defendants. | ) ) ) | |

## MEMORANDUM ORDER

Pending before the Court are Defendants' MOTION FOR SUMMARY JUDGMENT (Document No. 58), Defendants' MOTION IN LIMINE (Document No. 62), Defendants' MOTION TO STRIKE APPENDIX "A" AND APPENDIX "B" TO BRIEF IN SUPPORT OF FINDINGS OF FACT AND CONCLUSIONS OF LAW (Document No. 75). The matters are ripe for resolution. Also pending is Defendants' APPEAL OF ORDER OF MAGISTRATE JUDGE (Document No. 53), which contests sanctions imposed on counsel for defendants by the Magistrate Judge.

Introduction

This case and two related cases, Civil Action Nos. 03-972 and 03-1802, arose out of the education of J.R., an elementary-age student in the Mars Area School District. This Memorandum Order addresses only the pending motions and appeal of a sanctions order in Civil Action No. 04-26.[1] The Court will address the ultimate merits and disposition of this case in a

---

[1] The parties achieved an amicable settlement on the substantive merits of Civil Actions 03-972 and 03-1802 at a pretrial conference on March 6, 2007. The only issue remaining in that case, which the Court will address in a separate memorandum opinion at Civil Action 03-972, is whether the family is entitled to recover an award of counsel fees.

separate opinion.

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Document No. 58)**

Defendants filed a motion for summary judgment on February 20, 2007.  For the reasons set forth below, Defendants' motion is improper and untimely and will not be considered.

A brief recap of the applicable procedural history is in order.  This case was initially assigned to Magistrate Judge Sensenich for pretrial proceedings.  On December 10, 2004, she issued a case management order which mandated that motions for summary judgment be filed on or before January 14, 2005.  Defendants did not file a motion for summary judgment in accordance with that order, although the School District did.  In June 2005, the Magistrate Judge issued a Report and Recommendation (Document No. 35), which denied the School District's summary judgment motion.  The parties thereafter filed their respective pretrial statements and the case was ultimately referred back to this member of the Court.  The Magistrate Judge's referral order specifically stated: "All pretrial matters have been completed."  (Document No. 54).  On February 12, 2007, after court-supervised efforts to amicably resolve the case proved to be fruitless, this Court issued a non-jury trial scheduling order.  (Document No. 57).  Approximately one week later, Defendants filed the instant motion for summary judgment (Document No. 58) on February 20, 2007.

Defendants did not seek leave of Court prior to filing the motion, nor did Defendants offer any explanation why the motion was not or could not have been filed in January 2005.  As set forth above, the deadline for filing summary judgment motions expired over two years earlier.  A bench trial was scheduled to commence on March 26, 2007, and the instant motion could not

reasonably have been countered, briefed and resolved prior to the trial date. Moreover, the only pretrial motions authorized by the trial scheduling order were in the nature of motions in limine.

This untimely motion for summary judgment is a protypical example of the "wasteful pretrial activities" sought to be discouraged by Fed. R. Civ. P. 16(a). The motion does not advance the litigation in any respect. Pursuant to Fed. R. Civ. P. 16(f), if a party's attorney fails to obey a scheduling or pretrial order, the judge may issue such orders with regard thereto as are just. Rule 16 specifically incorporates the sanctions set forth in Rule 37(b)(2)(B)-(D). Rule 37(C) explains that a judge may enter "an order striking out pleadings or parts thereof." The Court concludes that this relief is appropriate under the circumstances of this case. *See, e.g., Wall v. Dauphin County*, 2006 WL 27123 *3 (M.D. Pa. 2006) (striking motion for summary judgment filed 3 weeks past deadline where counsel failed to seek extension or excuse failure to comply with scheduling order). Moreover, the summary judgment motion is now moot. At the conference with counsel for the parties on March 6, 2007, all counsel agreed that a trial with additional testimony and evidence to supplement the administrative record was not necessary and therefore the Court ordered both sides to file proposed findings of fact and conclusions of law based on the underlying record as a mechanism for resolving the case on the merits. The parties have done so. Thus, the Defendants' motion for summary judgment is merely cumulative of their proposed findings of fact and conclusions of law and serves no independent purpose. Accordingly, Defendants' MOTION FOR SUMMARY JUDGMENT (Document No. 58) is hereby **STRICKEN**.

**DEFENDANTS' MOTION IN LIMINE (Document No. 62)**

Defendants' motion in limine seeks to preclude the School District from introducing additional evidence beyond the administrative record. Neither party has formally moved to supplement the administrative record. Further, at the March 6, 2007 conference, all counsel agreed that the case should be determined exclusively on the underlying administrative record. Accordingly, Defendants' MOTION IN LIMINE (Document No. 62) is **GRANTED**.

**DEFENDANTS' MOTION TO STRIKE (Document No. 75)**

Defendants ask the Court to strike Appendices A and B to the School District's Brief in Support of its Proposed Findings of Fact and Conclusions of Law. Appendix A is Special Education Opinion No. 1415 of the Appeals Panel dated October 22, 2003. Appendix B is Special Education Opinion No. 1529 of the Appeals Panel dated October 14, 2004. These Appeals Panel decisions are subsequent to the matters at issue in this case. For the reasons set forth above, the Court will confine its review to the administrative record that underlies this case. Accordingly, Defendants'MOTION TO STRIKE APPENDIX "A" AND APPENDIX "B" TO BRIEF IN SUPPORT OF FINDINGS OF FACT AND CONCLUSIONS OF LAW (Document No. 75) is **GRANTED**.

**DEFENDANTS' APPEAL OF ORDER OF MAGISTRATE JUDGE (Document No. 53)**

On January 24, 2005, the School District filed a motion for sanctions against Defendants due to the conduct of their counsel during the deposition of J.R.'s mother. The Magistrate Judge considered briefs filed on behalf of both parties and the School District was ordered to provide an

4

itemized statement of its claimed expenses and fees, to which Defendants responded.  On September 20, 2005, Magistrate Judge Sensenich issued a 15-page Memorandum Order, in which she granted the motion for sanctions and ordered that attorney Lincoln pay Plaintiff $937.50 "for the fees of counsel incurred as a result of his attempts to induce his client to give false testimony during her deposition on December 9, 2004."  (Document No. 51).

Defendants appealed and contend that the decision of the Magistrate Judge was an abuse of discretion and an error of law.  Defendants raise the following contentions: (1) lack of jurisdiction; (2) that the Court should not have entertained "additional evidence"; (3) that the School District failed to comply with Rule 37 by attaching a "meet and confer" certificate and that it failed to reply to Defendants' response pursuant to an order dated September 6, 2005; (4) that on August 23, 2005, this Court denied Defendants' motion for a status conference at which Defendants would have requested reassigment of the cases; (5) that the itemization of costs was signed by attorney Andrea Parenti rather than attorney Breth; (6) the merits of Magistrate Judge Sensenich's conclusion that attorney Lincoln attempted to induce false testimony; (7) Plaintiff's failure to comply with court orders; (8) the "focus upon sanctions not settlement"; and (9) Plaintiff's failure to meet its burden of proof.  The School District filed a Brief in Opposition (Document No. 55), in which each of these arguments are addressed seriatim.

This Court will review the Magistrate Judge's decision for "clear error."  As explained in *Wachtel v. Guardian Life Ins. Co.*, 239 F.R.D. 376, 384 (D.N.J. 2006) (citations omitted):

> A magistrate judge's rulings concerning discovery, including sanction orders, are non-dispositive motions. *see also* L. Civ. R. 72.1(a), cmt. 3 (noting that orders compelling document production and imposing sanctions for discovery abuses are non-dispositive motions). Thus, a magistrate judge's adjudication of a non-dispositive motion will be set aside only if the order is found to be clearly

erroneous or contrary to law.  A magistrate judge's order is clearly erroneous only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

The vast majority of Defendants' contentions are clearly without substantive merit and will not be addressed in detail.  Without doubt, the Magistrate Judge had jurisdiction over this pretrial proceeding pursuant to 28 U.S.C. § 636(b).  Defense counsel cannot justify his own apparent inappropriate conduct by attempting to deflect blame to the alleged shortcomings of opposing counsel or the court.

As to the merits of Magistrate Judge Sensenich's decision, defense counsel makes four points: (1) that at the time of the deposition, the School District knew that the student was no longer attending its schools; (2) that the student's current address was irrelevant; (3) that counsel felt professionally obligated to represent his clients appropriately in a highly contentious deposition, including protecting his clients' right of privacy and that he provided the mailing address following a phone conference with counsel and the Court; and (4) that the Court did not cite to a specific portion of the record.  Glaringly absent from defense counsel's response is an unequivocal denial of the inappropriateness of his conduct.  Moreover, defense counsel does not specifically assert any evidence of clear error or mistake of law.

The issues were thoroughly briefed before the Magistrate Judge and she obviously studied the entire deposition transcript.  *See* Memorandum Order on Plaintiff's Motion for Sanctions at 5-6.  The Magistrate Judge's opinion thoroughly and persuasively explains the basis for her decision, with numerous citations to the transcript.  Notably, Magistrate Judge Sensenich concluded that the mother's current residence was a critical fact relative to the School District's

6

continuing liability under IDEA and that "Mr. Lincoln's persistent attempt to place on the record an address for the [student's family] which was not their true address is particularly serious." Memorandum Opinion at 9-10. Defense counsel does not contest this finding. This Court finds that the decision of the Magistrate Judge is sound, reasoned and well-supported such that it would survive even a more rigorous de novo review. Accordingly, Defendants' APPEAL OF ORDER OF MAGISTRATE JUDGE (Document No. 53) is **DENIED**.

SO ORDERED this 4th day of May, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Thomas E. Breth, Esquire
       Email: tbreth@dmkcg-law.com

       Eugene A. Lincoln, Esquire
       Email: elincoln@concentric.net